UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CR-16-01199-PHX-ROS |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | April 4, 2017 |
| Dennis Lee Montgomery, | ) | 10:20 a.m. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  THE HONORABLE ROSLYN O. SILVER, JUDGE


REPORTER'S TRANSCRIPT OF PROCEEDINGS

Sentencing - Reset


APPEARANCES:
For the Government:
   U.S. Attorney's Office
   By:  Mr. CHARLES FRED HYDER, ESQ.
   40 North Central Avenue, Suite 1200
   Phoenix, AZ  85004

For the Defendant Montgomery:
   Federal Public Defender's Office
   By: BENJAMIN ROBERT GOOD, ESQ.
   850 W. Adams St., Ste. 201
   Phoenix, AZ  85007

Official Court Reporter:
Elva Cruz-Lauer, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 33
Phoenix, Arizona  85003
(602) 322-7261

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1          <u>PROCEEDINGS</u>

2          THE CLERK:  Case number CR-16-1199, United States of

3    America versus Dennis Lee Montgomery, on for sentencing.

4          MR. HYDER:  Morning, Your Honor.  Charles Hyder on

5    behalf of the United States.

6          THE COURT:  Good morning.

7          MR. GOOD:  Good morning, Your Honor.  Benjamin Good on

8    behalf of Mr. Montgomery, who is present, not in custody.

9          THE COURT:  Thank you.  All right, counsel, let me

10   talk to you first about your motion for -- essentially for

11   violation of the plea agreement or specific performance.

12         I'm looking at the plea agreement, Mr. Good, and tell

13   me where in the plea agreement has there been a violation?

14         MR. GOOD:  Your Honor, on paragraph 3(a) on page 2,

15   the Government -- it states specifically:  The United States

16   will recommend that the defendant will receive a sentence of

17   five years' probation.

18         So Mr. Montgomery, as it states in the PSR, falls into

19   Zone B of the sentencing guidelines.  So a sentence of

20   probation only, with no period of confinement or incarceration,

21   would require a downward variance.  The Government's opposition

22   to our downward variance breaches its obligation to recommend a

23   probation-only sentence.

24         But more importantly, from our point of view, the case

25   law is clear that the Government needs to provide a united

1    front if it agrees to a (c)(1)(B) recommendation.  That means

2    that it can supply facts that might be missing from the PSR or

3    not present before the Court in the record.

4         THE COURT:  This is really, seems to me from the

5    response of the Government, just a technical error.  I mean,

6    Mr. Hyder perhaps understood what you were saying, as being

7    asking for more time or better time.  I think you are asking

8    for only three years as opposed to five years.  Mr. Hyder is

9    still recommending what is set forth in the plea agreement.

10        MR. GOOD:  That's true, Your Honor, but I think to

11   explain my client's behavior as moral abjectness in its lowest

12   form is a breach of its obligation to provide a united front.

13        THE COURT:  Well, you know, a united front of what?

14   He has to comply with the plea agreement.

15        MR. GOOD:  Right.

16        THE COURT:  And united front means he complies with

17   the spirit and terms of the plea agreement.  So I don't see it,

18   Mr. Good.  I don't see it whatsoever.

19        MR. GOOD:  Your Honor, we respectfully disagree.  I

20   think it is not enough for the Government to simply state the

21   words that it recommends probation.  I think it needs to

22   fulfill the spirit of that recommendation as well, which is to

23   certainly supply any facts that might be missing from the

24   record, or that might be important.  But under the case law, to

25   provide a united front in favor of Mr. Montgomery.

1          I do want to mention one additional --

2          THE COURT:  What difference does it make?

3          MR. GOOD:  Well, it may make no difference, if Your

4     Honor were --

5          THE COURT:  Well, you tell me, what difference might

6     it make in favor of your client?

7          MR. GOOD:  I'm sorry, Your Honor.  I'm not sure I

8     understand.

9          THE COURT:  Why did you file the motion?  So let's see

10    here, all he said is:  For the reasons set forth in the

11    downward variance, do not show a reasonable basis for a

12    variance.  Is there -- sometimes in the plea agreements, the

13    plea agreements are what they are and there cannot be a basis

14    for going below.

15         Are you saying that in -- there is some case law that

16    is available that provides where there's an agreement, which

17    appears to be almost a stipulated sentence, it is not a C

18    sentence, but it is a B sentence, and the Government has said

19    what they would do.  So I am looking for -- I just don't see

20    it.  I am trying to be fair to you, and, of course I will be

21    fair to your client, but I don't see this, Mr. Good.

22         MR. GOOD:  Well, I appreciate that, Your Honor, and it

23    may very well not prejudice your thinking about the case.  But

24    under the cases we've cited in our motion, including especially

25    the Whitney case, the Government, when it agrees to recommend

| | |
|---|---|
| 1 | something, in that case it was that the defendant be sentenced |
| 2 | to the low end of the guidelines range, it cannot then |
| 3 | emphasize facts that are detrimental to the client, as long as |
| 4 | they are already in the record.  The Government's role at that |
| 5 | point is to provide a united front. |
| 6 | THE COURT:  Whoa, whoa, whoa.  Can't -- okay.  The |
| 7 | Government is then, as we used to say, a potted plant?  They |
| 8 | can't say anything to support their argument as the probation |
| 9 | officer has recommended, that he should receive five years? |
| 10 | They can't say anything? |
| 11 | MR. GOOD:  No, that's not true, but they cannot make |
| 12 | -- |
| 13 | THE COURT:  They can respond, can't they, whether or |
| 14 | not they say there's a basis or not for a variance?  And that's |
| 15 | where we are.  We can take that word out.  But they could |
| 16 | certainly say, well, I don't think it should be less than |
| 17 | three -- than five years, right? |
| 18 | MR. GOOD:  Certainly, and they could -- |
| 19 | THE COURT:  Isn't that what he has done? |
| 20 | MR. GOOD:  No, I think -- |
| 21 | THE COURT:  It is not that he used the word -- that |
| 22 | there wasn't -- the reasons set forth for downward variance do |
| 23 | not show a reasonable basis for a variance. |
| 24 | MR. GOOD:  Well, the variance issue might be a |
| 25 | technical one.  I think a variance is required in order to have |

1    what the Government is recommending.

2          THE COURT:  Well, let me just read this for the record

3    to make sure.

4          MR. GOOD:  Sure.

5          THE COURT:  This was filed on 3-24 and it is

6    Mr. Hyder's response.  The reasons set forth for the downward

7    variance do not show a reasonable basis for a variance.  The

8    defendant's personal situation is is not unique.  There are

9    countless people who have substantial health, financial, and

10   other issues in their lives; committing crimes is not an

11   acceptable way to deal with those issues.

12         Are you telling me he could not argue that to me when

13   you have asked for a three-year as opposed to five-year

14   probationary period?

15         MR. GOOD:  I have no objection to that language at

16   all.  It is the next paragraph that's a problem, Your Honor.

17         THE COURT:  Furthermore, the acceptance of the

18   responsibility for one's actions is not onerous.  For anyone to

19   state the defendant accepts responsibility for his felonious

20   acts is one thing; to make a claim that such criminal behavior

21   is not morally abject is another.  As it indicates, either a

22   failure to understand the general meaning of the term or a

23   failure to truly accept responsibility for his crimes.

24   Stealing from another is morally abject.  Stealing from another

25   who has placed trust in your -- in you is a betrayal of trust.

1  That is moral abjectness in it lowest form.

2          So what is wrong with that for a five-year as opposed

3  to a three-year probationary period?

4          MR. GOOD:  Your Honor, I think that an overblown

5  argument like that is inappropriate in the context of a plea

6  agreement.

7          THE COURT:  Overblown.  That's certainly something he

8  can argue from the record.

9          MR. GOOD:  We respectfully disagree.  I think moral

10  abjectness in its lowest form -- well, first of all, our

11  position is, of course, that that's not present in this case,

12  but if the Government is --

13          THE COURT:  But you can argue that.

14          MR. GOOD:  Sure.  And we do argue that.

15          THE COURT:  I take into account all the facts.

16          MR. GOOD:  Of course.

17          THE COURT:  And it is an argument on behalf of the

18  Government.  They see this as different than you, and they are

19  responding to your motion.  I am very concerned about your

20  motion.  I don't think I can really resolve it without taking

21  into account everything that has been brought to my attention,

22  and I need more time on this.

23          So I am going to continue this sentencing, and I want

24  more briefing on this issue.  Because it seems to me that

25  essentially what you are saying, which is serious, is the

1      Government has violated the terms of the plea agreement.

2              Because essentially what you are saying is, you are

3      asking for specific performance, which means the Government has

4      violated the terms of the plea agreement.  I have to make a

5      finding that they have.

6              So I am going to take a better look at the case law

7      that you have given me, and I am going to ask Mr. Hyder to

8      brief it, and we are going to put off the sentencing.  Because

9      that's a serious allegations on behalf of the Government.  That

10     is an allegation that constitutes unprofessional conduct.  So I

11     am going to take that into account.

12             MR. GOOD:  Your Honor, I appreciate that.  If I could

13     just make a couple of points.  First of all, we are certainly

14     not accusing the Government of prosecutorial misconduct in any

15     way.  This is just a sentencing issue and it's a breach, and I

16     think the remedy --

17             THE COURT:  It's a breach of the plea agreement,

18     right?

19             MR. GOOD:  Right.  Yes.

20             THE COURT:  Okay.  Well, then we are going to brief

21     this.  Because if it is a breach of the plea agreement, that's

22     potentially a professional issue.  I think, Mr. Hyder, as I

23     said, has responded to it, but I am going to take a closer look

24     at the case law.  I don't see that they are really on point,

25     but I am going to give you an opportunity to fully brief that

1  better than I have.  And Mr. Hyder can give me some case law on

2  it.

3          MR. GOOD:  Okay.

4          THE COURT:  So we are going to put off the sentencing,

5  because that is a very serious issue, Mr. Good.  And I know you

6  are doing your best to represent your client.  You come from

7  the public defender's office.  I have great respect for them,

8  but you have taken on a pretty substantial position and --

9  united front is different than violating the plea agreement.

10          Specific performance of the plea agreement means

11  Mr. Hyder has violated the plea agreement.  So -- all right.

12  So we are going to put this off for an entire month.  During

13  that period of time, we will have briefing.

14          First of all, Mr. Hyder, I want you to respond to the

15  case law that's been provided by Mr. Good, and then he can

16  provide a response, since he started with it, right?

17          MR. HYDER:  Yes, ma'am.

18          MR. GOOD:  That sounds entirely fair, Your Honor.  I

19  do want to emphasize, though, that it is -- in no way is it a

20  personal attack.

21          THE COURT:  Oh, I --

22          MR. GOOD:  Of course.

23          THE COURT:  -- I don't expect that of you.  I haven't

24  seen you before in my court.  But I know that you are with the

25  public defender's office, but -- and you are aggressively

1    representing your client, and I haven't seen you before, you

2    may be brand-new.

3            But from the context, with all of my experience as a

4    judge, as a prosecutor, as one time long ago, as a defense

5    attorney that I can hardly remember, this is a serious

6    allegation.

7            So I am not asking you to withdraw it.  Who knows, by

8    the time you see his response you may decide to withdraw it and

9    let's get on with the sentencing.

10           Now, I want -- I appreciate, Mr. Good, that this is

11   not a personal issue, you are just representing your client,

12   but I also want to make it clear to Mr. Montgomery, I am going

13   to keep an open mind.  That's my job.

14           And both the Government and Mr. Good and you have

15   brought to my attention a number of things that are going to

16   affect my decision as to whether or not to accept the plea

17   agreement, and then what your sentence should be.  As did the

18   the probation officer.

19           U.S. PROBATION OFFICER:  Thank you, Your Honor.

20           THE COURT:  You are welcome.  We are adjourned

21   until -- Kathy, when are we going to set this sentencing?

22           THE CLERK:  We can reset it for Tuesday, May 9th, at

23   1:30.

24           THE COURT:  Okay.  Tuesday, May 9th, at 1:30.  And

25   today is the 4th, so Mr. Hyder, your response by the 18th.

1   Reply, Mr. Good, by the 25th.  And we should be all set.

2            MR. HYDER:  What was the date, Your Honor?

3            THE COURT:  Sorry?

4            MR. HYDER:  Sorry, I didn't understand.  What was the

5   date?

6            THE COURT:  Your date?  Your date is the 18th of

7   April.  And response by Mr. Good on April 25th.  Then I am

8   going to be ready.

9            MR. GOOD:  Thank you, Your Honor.  Appreciate it.

10           (Proceedings conclude at 10:33 a.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

1                              **C E R T I F I C A T E**

2

3         I, ELVA CRUZ-LAUER, do hereby certify that I am duly

4  appointed and qualified to act as Official Court Reporter for

5  the United States District Court for the District of Arizona.

6         I FURTHER CERTIFY that the foregoing pages constitute

7  a full, true, and accurate transcript of all of that portion of

8  the proceedings contained herein, had in the above-entitled

9  cause on the date specified therein, and that said transcript

10  was prepared under my direction and control.

11         DATED at Phoenix, Arizona, this 5th day of April,

12  2017.

13

14                              s/Elva Cruz-Lauer

15                           Elva Cruz-Lauer, RMR, CRR

16

17

18

19

20

21

22

23

24

25